IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| IN RE:   MATT GUZIK | * | Case No. 14-21901 JFS |
| Debtor | * | |
| | * | Chapter 7 |
| * * * * * * | * * * * * * | |
| MATT GUZIK | * | |
| Plaintiff, | * | |
| | * | Adv. Proc. No. _____ |
| v. | * | |
| FORD MOTOR CREDIT COMPANY, LLC | * | |
| Defendant. | * | |
| | * | |
| Serve: Michael Klima, Jr., Esq. | * | |
| Scott E. Peters, Esq. | * | |
| Thiebolt Ryan, P.A. | * | |
| 810 Glen Eagles Court | * | |
| Suite 312 | * | |
| Baltimore, MD 21286 | * | |
| Attorney(s) for Defendant | * | |
| | * | |
| *Resident Agent* | * | |
| Ford Motor Credit Company, LLC | * | |
| c/o The Corporation Trust Inc. | * | |
| 351 West Camden Street | * | |
| Baltimore, MD 21201-7912 | * | |
| * * * * * * | * * * * * | |

**COMPLAINT TO COMPEL TURNOVER OF DEBTOR
PROPERTY PURSUANT TO 11 U.S.C. §522(g)
AND (h) AND REQUEST FOR ATTORNEYS FEES**

NOW COMES, Debtor Matt Guzik, by his under-signed counsel, and hereby files this *Complaint To Compel Turnover Of Debtor's Property* Pursuant to 11 U.S.C. §522(g) and (h) *And Request For Attorneys Fees*, and states the following;

**Jurisdiction and Venue**

1. That this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. That this is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(I) and an adversary proceeding as defined in the FRBP Rule 7001(6).

3. That venue is proper pursuant to 28 U.S.C. § 1409.

4. That Plaintiff has standing to bring this matter pursuant to 11 U.S.C. 522(g) and (h).

**Parties**

5. That Matt Guzik is the Debtor in the above-captioned Bankruptcy Case and the Plaintiff in the above-captioned Adversary Proceeding.

6. That Defendant Ford Motor Credit Company, LLC is a corporate entity doing business in the state of Maryland.

**Facts**

7. That on or about August 21, 2013 the Defendant obtained a judgment against Plaintiff in the Anne Arundel County District Court for a total amount of $7,242.60.

8. That on or about April 17, 2014 the Defendant filed a Writ of Garnishment of Wages with the Anne Arundel County District Court.

9. That the Plaintiff's employer began garnishing Plaintiff's paycheck, on behalf of Defendant, as of the paycheck he received on May 23, 2014.

10. That the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 29, 2014.

11. That prior to the Debtor's filing a total of 12 pay advices were garnished by the Defendant within ninety (90) days.   The aggregate amount of the garnished monies total **$1869.45** (the "Property").

12. That Debtor has exempted all of the Property garnished per his Schedule C.

13. That pursuant to 11 U.S.C. §547, these preference payments were within the ninety (90) days of the filing, more than $600.00 in total and is thus a preference that can be avoidable by the Trustee.

14. That the payments would have been avoidable by the Trustee pursuant to 11 U.S.C. §547 as the payments:

    a. Were to or for the benefit of the Defendant/Creditor;
    b. Were for or on account of an antecedent debt owed by the Debtor prior to the transfer(s);
    c. Were made while the Debtor was insolvent;
    d. Were made within the ninety (90) days before the date of the filing of the Debtor's Petition; and
    e. Enabled Defendant/Creditor to receive more than said Defendant/Creditor would have received had the transfer not occurred.

15. That, pursuant to 11 U.S.C. 522 (g) and (h) the Debtor could have exempted the Property under §522(b) if said property had not been transferred and
    a. The monies transferred to the Defendant/ Creditor was through a garnishment and was not a <u>voluntary transfer</u> of said Property by the debtor;
    b. The Debtor did not conceal said Property as it was properly disclosed in his Petition;
    c. The Debtor has exempted the Property as demonstrated in his schedules; and
    d. The Property would have been avoidable by the Trustee and the Trustee has not attempted to avoid the transfer.

16. That the Plaintiff/ Debtor has demanded a full refund of the Property and has given the Defendant a reasonable opportunity to reply. Further, Plaintiff has fully cooperated with the Defendant by (a) providing the information necessary for the Defendant to identify the Property and (b) allowing the Defendant a reasonable time to refund the garnished monies.

**WHEREFORE**, the Debtor, requests this Honorable Court issue an order to Defendant Ford Motor Credit Company, LLC to immediately release the Debtor's Preferential Transfer Funds, Order Respondent to pay counsel fees in the amount of $700.00, and for such other and further relief the Court may deem proper.

Dated:   September 16, 2014

Respectfully submitted,

/s/Marc A. Ominsky
Marc A. Ominsky, Bar No. 13956
The Law Offices of Marc A. Ominsky
10632 Little Patuxent Pkwy, Suite 249
Columbia, MD 21044
(443) 539-8712
Counsel for the Plaintiff / Debtor


CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 23rd_day of September, 2014 a copy of this *Complaint To Compel Turnover Of Debtor's Property* Pursuant to 11 U.S.C. §522(g) and (h) *And Request For Attorneys Fees* was sent by the Court's ECF system to the U.S. Trustee, the Chapter 7 Trustee and by first-class mail, postage-prepaid to:

*Attorneys for Defendant*
Michael Klima, Jr., Esq. and Scott E. Peters, Esq.,
Thiebolt Ryan, P.A.
810 Glen Eagles Court, Suite 312
Baltimore, MD 21286

*Resident Agent*
Ford Motor Credit Company, LLC
c/o The Corporation Trust Inc.
351 West Camden Street
Baltimore, MD 21201-7912


/s/ Marc A. Ominsky
Marc A. Ominsky

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| IN RE:   MATT GUZIK | * | Case No. 14-21901 JFS |
| Debtor | * | |
| | * | Chapter 7 |
| * * * * * * | * * * * * * | |
| MATT GUZIK | * | |
| Plaintiff, | * | |
| | * | Adv. Proc. No. _____ |
| v. | * | |
| FORD MOTOR CREDIT COMPANY, LLC | * | |
| Defendant. | * | |
| * * * * * * | * * * * * * | |

**ORDER GRANTING COMPLAINT TO COMPEL TURNOVER OF DEBTOR'S PROPERTY AND AWARD OF ATTORNEY FEES**

Upon consideration of the *Complaint To Compel Turnover Of Debtor's Property and Request for Attorney Fees* and any response thereto, and for good cause shown, it is

**ORDERED**, that the Defendant, Ford Motor Company, LLC turnover the amount of $1,869.45 to the Debtor;

**ORDERED** that the Defendant, Ford Motor Company, LLC pay the sum of $700.00 to Debtor for attorney fees.

**IT IS SO ORDERED.**

cc:
Debtor
Debtor's Counsel
Counsel for Defendant
U.S. Trustee
Chapter 7 Trustee

**END OF ORDER**